IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE ADANMA DURU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1161-K-BN |
| | § | |
| DEPARTMENT OF JUSTICE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 41(b) and should decline the request to transfer this action to the District of Colorado.

**Background**

Plaintiff Rose Adanma Duru, a frequent *pro se* litigant in this Court, resided in Dallas, Texas at the time she filed this action against the "Department of Justice, Northern District of Texas" the Clerk of this Court, and individuals and corporations alleged to be citizens of both Georgia and Texas. *See* Dkt. No. 3.

As to this Court – "Department of Justice, Northern District of Texas" – and its

Clerk, Plaintiff, for example, alleges causes of action for obstruction of justice, abuse of power/intimidation, falsification of court documents, judicial misconduct, and civil rights violation, but the factual allegations she directs towards these defendants solely concern the docketing and, ultimately, the disposition of a previous action Plaintiff filed in this Court. *See id.* at 7-25. The remainder of the complaint does not concern actions under federal law, and much of the complaint merely consists of documents Plaintiff has filed in other actions in this Court. *See generally id.*

While, at the time this action was filed, Plaintiff also moved for leave to proceed *in forma pauperis*, *see* Dkt. No. 4, the Court, on May 2, 2016, issued a show cause order requiring Plaintiff to file no later than June 1, 2016 a written response to show the Court it has subject matter jurisdiction over this lawsuit, *see* Dkt. No. 6.

That order explained to Plaintiff:

> As to diversity jurisdiction, it appears to the Court that this action chiefly concerns state law claims made by a Texas citizen against defendants that include Texas citizens. Therefore, although Plaintiff indicates that 28 U.S.C. § 1332 applies, *see* Dkt. No. 3-2 at 1, it does not appear that there is the required complete diversity, *see, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) ("In *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), the Supreme Court established the rule of complete diversity for cases arising under 28 U.S.C. § 1332." (citing *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Id.* (quoting *McLaughlin*, 376 F.3d at 353 (in turn citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968))).
>
> "In the absence of diversity of citizenship, it is essential that a substantial federal question be presented to support jurisdiction." *Jolly v. Klein*, 923 F. Supp. 931, 941 (S.D. Tex. 1996) (citing *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974)); *see Ayika v. Lopez*, No. EP-10-CV-456-KC, 2010 WL 5373877, at *2 (W.D. Tex. Dec. 21, 2010) ("Establishing federal question

jurisdiction requires a 'substantial federal question.'" (quoting *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981))).

The mere mention of federal law or bare assertion of a federal claim is not sufficient to obtain federal question jurisdiction, because "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit; wholly insubstantial; obviously frivolous; plainly unsubstantial; or no longer open to discussion." *Hagans*, 415 U.S. at 536-37 (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation."); *Raymon*, 639 F.2d at 257 ("[A] complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans*, 415 U.S. at 538-39)); *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must be more than frivolous to support federal question jurisdiction").

If Plaintiff's complaint on its face lacks a "substantial, disputed question of federal law," *In re Hot-Hed Inc.*, 477 F.3d at 323, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim" is proper if the federal claim asserted is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)).

Here, Plaintiff's federal claims, if any, merely concern this Court's – and its employees' – acting within the jurisdiction of the Court as to the handling of a previous lawsuit Plaintiff filed in this Court. Such a claim is therefore not substantial (and is in fact frivolous) as it clearly is barred by judicial and quasi-judicial immunity.

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd*

*v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). But "judicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, and "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

> Similarly, court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir.2001) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir.1981)). This quasi-judicial immunity extends to deputy clerks of court when they act as "explicitly commanded by a court decree or by the judge's instructions." *Id.* at 682.

*Andrews v. Earle Cabell Federal Building*, No. 3:15-cv-112-M, 2015 WL 1873132, at *3 (N.D. Tex. Apr. 23, 2015); *see also Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("Absolute judicial immunity has been extended to non-judicial officers who perform quasi-judicial duties. Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.").

*Id.* at 3-6.

That order further cautioned Plaintiff that "[f]ailure to comply with this order will result in a recommendation that the complaint be dismissed for either lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3), and/or for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* at 6.

It is now more than one month since the deadline to respond to the Court's show cause order, and Plaintiff has failed to respond or otherwise substantively address the Court's jurisdictional concerns. She instead has notified the Court that she has

relocated to Denver and has requested that the Court transfer her case to the District of Colorado. *See* Dkt. No. 7.

## Legal Standards and Analysis

Rule 41(b)

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "Several" of the following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead

of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion." 975 F.2d at 1191 n.6 (citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

By failing to respond to Court's show cause order, Plaintiff has prevented this action from proceeding, and she therefore has failed to prosecute her lawsuit and obey the Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

<u>28 U.S.C. § 1631</u>

Plaintiff implicates Section 1631 through her motion to transfer this action coupled with her failure to "affirmatively and distinctly" allege jurisdiction. *Getty Oil*

*Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference").

"When a court lacks jurisdiction, § 1631 states that the court 'shall, if it is in the interest of justice, transfer such action' to the proper court. However, the Fifth Circuit has indicated that it defeats the interest of justice to transfer a meritless claim that will consume judicial time and energy." *Dominguez-Mijares v. United States*, Civ. A. No. L-10-69 & Crim. No. L-09-16, 2010 WL 2635546, at *2 (S.D. Tex. June 21, 2010) (citing *Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989)); *see also Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) ("a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed" (quoting *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999))); *Wigglesworth v. I.N.S.*, 319 F.3d 951, 959 (7th Cir. 2003) (similar)); *cf. Fasolyak v. The Cradle Society, Inc.*, Civ. A. No. 06-01126 (TFH), 2007 WL 2071644, at *11 (D.D.C. July 19, 2007) ("'There are three elements to a section 1631 transfer: (1) there must be a lack of jurisdiction in the district court; (2) the transfer must be in the interest of justice; and (3) the transfer can be made only to a court in which the action could have been brought at the time it was filed or noticed.'" (quoting *Ukiah Adventist Hosp. v. FTC*, 981 F.2d 543, 549 (D.C. Cir. 1992))).

Even without considering whether the District of Colorado can exercise personal jurisdiction over any of the defendants named in this action, *see Fasolyak*, 2007 WL

2071644, at *11, Plaintiff's current action's lack of merit – not to mention her established history of frivolous filings in his Court – favors dismissal over transfer.

## Recommendation

The Court dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 41(b) and deny Plaintiff's motion to transfer [Dkt. No. 7].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 12, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE